[Cite as *State v. North*, 2015-Ohio-4526.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
SENECA COUNTY


STATE OF OHIO,                                    CASE NO. 13-15-16

    PLAINTIFF-APPELLEE,

    v.

                                                O P I N I O N

WILLIAM R. NORTH,

    DEFENDANT-APPELLANT.


Appeal from Seneca County Common Pleas Court
Trial Court No. 14 CR 0326

Judgment Affirmed

Date of Decision:  November 2, 2015


APPEARANCES:

    *Mark D. Tolles* **for Appellant**

    *Brian O. Boos* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant William R. North ("North") brings this appeal from the judgment of the Court of Common Pleas of Seneca County convicting him of robbery. North claims that 1) the trial court erred by denying his motion for Judgment of Acquittal and 2) that the verdict is against the manifest weight of the evidence. For the reasons set forth below, the judgment is affirmed.

{¶2} Shortly after midnight on September 4, 2014, North and William Mahan ("Mahan") went to a field in Seneca County with the intent of stealing marijuana that had been planted in a secluded section of the field. Tr. 111, 123. Due to the darkness, North and Mahan were unable to find the marijuana, so they went to an adjacent residence occupied by Robert Tanner ("Tanner"). Tr. 91. North and Mahan then began throwing rocks and bricks at the windows of the home in an attempt to get Tanner to come outside. Tr. 48. One brick went through the kitchen window and shattered it. Tr. 48. North and Mahan were yelling at Tanner to exit the home. Tr. 49. Believing that he was in danger of being harmed or killed, Tanner called 911. Tr. 50. Tanner then exited the home with a shotgun and fired at North and Mahan, striking Mahan. Tr. 55. North then was picked up by a friend, but they were unable to locate Mahan. Tr. 36.

{¶3} While leaving the scene, the vehicle in which North was a passenger was stopped by a Deputy Matthew Huffman ("Huffman"). Tr. 34. Huffman

questioned the occupants of the vehicle about why they were there and was told that they had picked North up from a party. Tr. 36. No one informed Huffman about the shooting or that Mahan was missing and possibly injured. Tr. 37. North was later questioned by Detective Kevin Reinbolt ("Reinbolt") and confessed that he had been in the field to steal the marijuana. Tr. 123.

{¶4} The Seneca County Grand Jury indicted North with one count of Robbery, in violation of R.C. 2911.02(A)(2),(B), a felony of the second degree. Doc. 1 A jury trial was later held and North was found guilty. Doc. 29. North filed a timely appeal and raises the following assignments of error on appeal. Doc. 36.

### First Assignment of Error

**The decision of the jury was against the manifest weight of the evidence.**

### Second Assignment of Error

**The trial court erred in overruling the motion for judgment of acquittal.**

For the purpose of clarity, we will address the second assignment of error first.

*Motion for Judgment of Acquittal*

{¶5} In the second assignment of error, North claims that the trial court erred by denying his motion for acquittal.

> **The court on motion of a defendant * * * , after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment,**

> **information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses.**

Crim.R. 29. A motion for acquittal thus tests the sufficiency of the evidence. *State v. Kaczmarek*, 3d Dist. Hancock No. 5-12-32, 2013-Ohio-5658, ¶ 20, 5 N.E.3d 1045. "When an appellate court reviews a record for sufficiency, the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id*. at ¶ 21.

{¶6} North was indicted on one count of robbery in violation of R.C. 2911.02(A)(2)(B). Thus, the State was required to prove that North, while attempting to commit a theft offense, used or threatened the immediate use of force against another. Based upon North's own statement to the police, as shown in Exhibit 3, he went to the home looking to steal marijuana from the field. Tanner testified that North and Mahan were throwing rocks and bricks at his window and yelling at him to come out. Tr. 48-49. Tanner was afraid that he would be injured or killed. Tr. 49. Although there is no direct evidence that North threatened to use force against another, a reasonable juror could infer that the threat was there by the actions of North in using force to try and cause Tanner to exit the home. Viewing the evidence in a light most favorable to the State, there is sufficient evidence to support all of the elements of robbery for which North was

convicted. The trial court did not err in denying the motion for acquittal and the second assignment of error is overruled.

*Manifest Weight of the Evidence*

{**¶7**} North claims in the first assignment of error that his conviction was against the manifest weight of the evidence. When reviewing a conviction to determine if it is against the manifest weight of the evidence, an appellate court "review[s] the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered*." State v. Mendoza*, 137 Ohio App.3d 336, 2000-Ohio-1689, 738 N.E.2d 822 (3d Dist.). *see, also, State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. A new trial should be granted only in the exceptional case in which the evidence weighs heavily against conviction. *Thompkins* at 387. Although the appellate court acts as a "thirteenth juror," due deference to the findings made by the fact-finder must still be given. *State v. Moorer*, 3d Dist. Seneca No. 13-12-22, 2013-Ohio-650, ¶ 29.

{**¶8**} In this case, Reinbolt testified that North told him he went to the site with the intent of stealing marijuana and North admitted as much in his own statement. Reinbolt testified that the marijuana was difficult to find in the daylight, so would have been nearly impossible to find after midnight. Tanner

testified that while he was sitting in his home his windows were struck with rocks and shattered. At the same time, he heard two voices yelling at him to come out of the home and he was afraid he would be harmed. Tanner went out of the home and fired at the two shadows he saw. Mahan was injured by the shots. North admitted in his statement that he was shot at by Tanner and that he ran. Based upon this evidence, a reasonable juror could conclude that North was at the home to steal the marijuana and could infer that while North was attempting to commit the theft offense, he threatened the immediate use of force against Tanner by throwing rocks at and through windows while yelling at Tanner to come out of the home. This court does not find that the evidence weighs heavily against conviction or that there was a manifest miscarriage of justice. The first assignment of error is overruled.

{¶9} Having found no error in the particulars assigned and argued, the judgment of the Court of Common Pleas of Seneca County is affirmed.

*Judgment Affirmed*

**SHAW and PRESTON, J.J., concur.**

**/hlo**